UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────x
                                :
UNITED STATES OF AMERICA,       :
                                :
         *Plaintiff,*           :
                                :
     v.                         :   Case No. 2:22-cv-3574
                                :
BARNET L. LIBERMAN and          :
PHYLLIS LIBERMAN,               :
                                :
         *Defendants.*          :
                                :
───────────────────────────────x

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to reduce to judgment unpaid federal income tax liabilities owed by Barnet L. Liberman and Phyllis Liberman for the 2012, 2013, 2015, and 2016 income tax periods (anticipating Barnet Liberman's defense based on discharge in bankruptcy and asserting the exception to discharge in 11 U.S.C. § 523(a)(1)(C)).  For its complaint, the United States alleges as follows:

### JURISDICTION AND PARTIES

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 28 U.S.C. §§ 1331, 1340, and 1345.

2. On April 1, 2021, the defendant Barnet Liberman filed a Chapter 11 petition for a reorganization under the Bankruptcy Code (Title 11 U.S.C.) in the United States Bankruptcy Court for the Eastern District of New York, styled *In re Barnet Louis Liberman*, No. 8:21-70611 (REG) [hereinafter "Bankruptcy Case"].

1

3. On June 28, 2021, Barnet Liberman's bankruptcy case was converted to a liquidation under Chapter 7 of the Bankruptcy Code. Bankruptcy Case ECF No. 97.

4. On November 22, 2021, Barnet Liberman received a Chapter 7 discharge. Bankruptcy Case ECF No. 177.

5. As a result of the discharge referenced in the preceding paragraph, the automatic stay under 11 U.S.C. § 362(a) terminated, thereby enabling the United States to bring this action.

## COUNT ONE
### (Claim Against Barnet Liberman and Phyllis Liberman to Reduce Income Tax Liabilities to Judgment)

6. A delegate of the Secretary of the Treasury made assessments against Barnet Liberman and Phyllis Liberman for income taxes for the periods, on the dates, and in the amounts described below. These liabilities had balances due as of the bankruptcy petition date—April 1, 2021—including interest, statutory additions (other than penalties), accruals, and costs according to law, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due as of April 1, 2021 |
|---|---|---|---|---|
| 12/31/2012 | 11/18/2013 | Tax | $1,231,958.00 | $664,975.47 |
| 12/31/2013 | 11/24/2014 | Tax | $978,079.00 | $1,292,554.48 |
| 12/31/2015 | 11/21/2016 | Tax | $659,555.00 | $789,376.64 |
| 12/31/2016 | 11/20/2017 | Tax | $642,630.00 | $734,324.17 |
| Total | | | | $3,481,230.28 |

7. Notice of the liabilities described in paragraph 6 was given to, and payment demanded from, Barnet Liberman and Phyllis Liberman.

8. There have been no payments or credits since the bankruptcy petition and interest on $3,481,230.28 from April 1, 2021, to June 15, 2022, at the rates under 26 U.S.C. § 6621 and

§ 6622 equals $135,717.99, bringing the total joint liability for taxes and interest to $3,616,948.27. Interest will continue to accrue thereafter according to law until fully satisfied.

9. The liabilities for taxes and interest described in paragraph 6, above, for tax years 2012, 2013, 2015, and 2016, are excepted from the defendant Barnet Liberman's discharge under 11 U.S.C. § 523(a)(1)(C) because he willfully attempted to evade or defeat the taxes in several ways, including, but not limited to:

a. Consistently failing to pay adequate quarterly estimated prepayments of tax despite being directly instructed to do so by the IRS as early as November 2014, and then further failing to pay most of the federal income tax as reported on his joint returns for each of the 2012-, 2013-, 2015-, and 2016-income tax periods, despite having reported substantial Adjusted Gross Income (AGI) for those tax periods as follows:

| Tax Period | AGI | Amount of Tax Assessed (Before Crediting Payments) |
| --- | --- | --- |
| 12/31/2012 | $10,016,448.00 | $1,231,958.00 |
| 12/31/2013 | $4,697,383.00 | $978,079.00 |
| 12/31/2015 | $2,968,707.00 | $659,555.00 |
| 12/31/2016 | $2,851,609.00 | $642,630.00 |

b. Repeatedly engaging in conduct to evade or undermine IRS collection attempts of his joint tax obligations, including the following actions with respect to real property owned by Barnet and Phyllis Liberman:

  i. On December 26, 2013, transferring ownership of three condominium unit properties located in New York County—421 Hudson Street, Apartments

805 and 806, and 421 Hudson Street, Apartment C-8, a/k/a 29 Clarkson Street, Unit C-8, New York, NY 10014 [collectively the "Hudson Street Properties"]—to a family-owned entity created in December 2013, "Hudson 805 LLC," which transfer occurred one month after the IRS assessed the 2012 income tax liabilities listed in paragraph 6, above, and when the 2013 tax year was about to close and the bulk of that liability was already overdue in the form of quarterly estimated tax payments. The deed to the Hudson Street Properties is signed by Barnet Liberman and Phyllis Liberman as "Grantor" and counter-signed by Barnet Liberman as managing member of Hudson 805 LLC as "Grantee."

ii. According to the Recording and Endorsement Cover Pages submitted to the New York City Register with the deeds, no city or state real estate transfer tax was paid, indicating no monetary consideration for the transfers of the Hudson Street Properties.

iii. Hudson 805 LLC is 100% owned by the Libermans and their immediate family members, with Barnet Liberman listed as the general partner and managing member with a 12.5% ownership interest in the LLC, Phyllis Liberman listed as a limited partner with a 12.5% ownership interest, and trusts for the benefit of the Libermans' five children each owning a 15% limited partnership interest.  Hudson 805 LLC has no employees.  Barnet Liberman's bankruptcy schedules disclose his interest in Hudson 805 LLC, but he does not list the value of his ownership interest.  Bankruptcy Case ECF No. 3, p.6.  Notwithstanding the disclosure of only receiving

4

       Social Security income on his bankruptcy schedules, the Libermans report monthly rent payments to Hudson 805 LLC for $47,500 under a lease purportedly executed with that entity, but which in actuality is the mortgage payment.  Bankruptcy Case ECF No. 3, p.59.

   iv. On his bankruptcy schedules, Barnet Liberman, in response to the question "Within 10 years before you filed bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary," answered "No."  Bankruptcy Case ECF No. 7, p.8.

   v. This transfer was an attempt to place the Hudson Street Properties out of reach of the IRS.  Despite transferring ownership to the partnership, the Libermans continued to reside at the Hudson Street Properties.

   vi. The Libermans reported to the IRS that the estimated value of the Hudson Street Properties in September 2018 was at least $15,000,000.

c. Repeatedly engaging in additional conduct to evade or undermine IRS collection attempts of their tax obligations, including:

   i. Demonstrating an unwillingness to work with the IRS to address his tax liabilities, and defaulting on Installment Agreements in 2015, 2017, and 2018, and also making other Installment Agreement requests and/or proposing Offers in Compromise for amounts that were less than he could afford to pay per month as disclosed by his own financial affidavits, and which the IRS determined were requests that were not processable in the form submitted and/or were submitted solely to delay or frustrate collection of his delinquent taxes.  The IRS also determined that the

        Libermans submitted Collection Due Process and/or Collection Appeals Program requests that were not in processable form, and that this was done to stall or frustrate IRS collection efforts. In addition to the failure to make sufficient estimated payments alleged in paragraph 9.a, above, Barnet and Phyllis Liberman filed many of their joint tax returns late, and they have failed to file joint income tax returns for 2019 and 2020, with no estimated payments made for these income tax years.

  ii. Unreasonably delaying and/or refusing to provide financial information to the IRS that was requested to support the Libermans' ability to pay their income tax liabilities (and sometimes outright concealing assets on IRS asset disclosure forms which were signed under penalty of perjury, as set forth more fully below), which delays were determined by the IRS to be a stalling tactic to avoid payment of the Libermans' joint income tax liabilities.

 iii. Maintaining a lavish lifestyle by way of the Libermans' disclosure to the IRS that their monthly living expenses during the tax periods at issue were at least $74,842, including $10,000 on food and clothing and $30,000 on housing expenses, when compared against a gross monthly income of $99,561.

 iv. Transferring $28,000 to each of their five children's' trust accounts on December 21, 2017 ($140,000 total), and an additional transfer of $20,000 into one child's trust account on March 15, 2018.

    v. Funding their Merrill Lynch and Morgan Stanley investment accounts via monthly recurring deposits instead of using this money to pay their delinquent taxes.

d. Maintaining a robust portfolio of business assets with significant personal equity in those assets and yet failing to use any of the funds or assets to address his joint federal tax obligations (not including the Libermans' interest in Hudson 805 LLC, set forth above) as described here:

    i. The IRS determined, based in part on the Barnet Liberman's disclosures, but also in part on their own research since he failed to disclose his interest in numerous business interests, that he (and sometimes Phyllis Liberman) possessed an interest in at least 53 entities. A partial listing of their ownership, partnership, or other interests in the following entities includes:

        (1.) Winterlab Ltd.
        (2.) Independent Film Development Group LLC
        (3.) Indiepix Films Inc.
        (4.) TLG Hudson LLC
        (5.) Orb Management, LTD
        (6.) 305 Second Avenue Associates LP
        (7.) Rutherford Place Condominiums
        (8.) Mountbatten Equities LP
        (9.) Festival Genius LLC
        (10.) SA Land Partners III LLC
        (11.) SA Land Partners VI LLC
        (12.) The Liberman Group LLC
        (13.) The Gym at Union Square LLC
        (14.) The Gym at Port Chester, Inc.
        (15.) TG CT 1, LLC
        (16.) The Gym at Southbury LLC
        (17.) New Milford Sports Club LLC
        (18.) The Gym at Southport
        (19.) Ossining Land Holdings LLC
        (20.) Ossining Land LLC

      (21.) Balmoral Builders LLC
      (22.) Nordic Delight Foods Inc., a/k/a R. J. Peacock Canning Co.
      (23.) Maine Freeze Ltd.
      (24.) Printing House Fitness Center LTD
      (25.) At Home in Israel LLC
      (26.) Winbar Associates LLC
      (27.) Hudson Leroy LLC
      (28.) Ocean Farmers LLC
      (29.) Las Vegas Land Partners, LLC
      (30.) Casino Coolidge LLC a/k/a Daxko LLC

    ii. The above-mentioned LLCs, partnerships, and entities all had value at varying times during the years at issue, and/or owned real property in New York, Connecticut, Nevada, and other states, and the Libermans failed to liquidate any of these assets to satisfy their federal income tax liabilities. When pressed by the IRS, the Libermans could not fully account for the equity and/or value of their interest in all the above-listed entities, but a partial valuation they provided the IRS in 2018 and 2019, disclosed a total equity and asset valuation of $27,455,000.

    iii. The Liberman's also commingled funds between their personal and business bank accounts for the above-mentioned entities, and frequently transferred funds back and forth with no respect for corporate formalities.[1]

10. As of April 1, 2021, penalties (including late-filing and failure-to-pay penalties) and interest on penalties with respect to the taxes set forth in paragraph 6, above, were

---

[1] Should this complaint prompt the defendant Phyllis Liberman to file a separate petition under the Bankruptcy Code, the United States will assert the exception to discharge for a willful attempt in any manner to evade or defeat tax under 11 U.S.C. § 523(a)(1)(C) and the jury demand in this pleading is intended to extend to that contention as to Phyllis Liberman, since the liabilities alleged in this complaint are joint and Phyllis Liberman actively participated in and/or had knowledge of the facts set forth in paragraph 9, above, for which purpose the United States will move to lift the stay under 11 U.S.C. § 362(d) or withdraw the reference under 28 U.S.C. § 157(d), and then seek to consolidate that action with this one.

$320,118.51 for year 2012, $290,195.77 for year 2013, $171,378.49 for year 2015, and

$177,659,84 for year 2016, for a total of $959,352.61.  With interest added through June 15,

2022, the total liability for penalties (and interest thereon) is $996,862.82.

11. The penalties referred to in the preceding paragraph are accepted from Barnet Liberman's bankruptcy discharge under § 523(a)(7)(A).[2]

12. Despite proper notice and demand, Barnet Liberman and Phyllis Liberman failed, neglected, or refused to fully pay their joint income tax liabilities, and after the application of all abatements, payments, and credits, they remain liable, jointly, and severally, to the United States in the amount of $3,616,948.27, plus statutory additions and interest (but not penalties) accruing from and after June 15, 2022.  In addition, Barnet and Phyllis Liberman remain liable for penalties (and interest thereon) in the amount of $996,862.82, plus interest accruing from and after June 15, 2022.

### JURY DEMAND

The United States demands a jury trial to the extent that there are triable issues of fact.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. Judgment against the defendant Barnet Liberman and the defendant Phyllis Liberman, jointly and severally, for income tax liabilities for the periods ending December 31, 2012, December 31, 2013, December 31, 2015, and December 31, 2016, in the amount of

---

[2] The United States is aware that most courts have construed 11 U.S.C. § 523(a)(7) as requiring the penalties to meet both subparagraphs (A) and (B) to qualify for exception to discharge.  The United States disagrees and contends that § 523(a)(7)(B) only applies to the many kinds of free-standing tax penalties that, under the Internal Revenue Code, are "imposed with respect to a transactions or event," while penalties "relating to a tax" such as the income tax (*i.e.,* are a percentage of that tax) are exclusively governed by subparagraph (A).

9

$4,613,811.09, plus statutory additions and interest accruing from and after June 15, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

B.   The United States of America shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
*/s/ Eric A. Ashby II*
ERIC A. ASHBY II
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044-0055
202-616-5218 (Nuñez)
202-514-6508 (Ashby)
202-514-5238 (fax)
Jeffrey.N.Nunez@usdoj.gov
Eric.A.Ashby@usdoj.gov

Of Counsel:

BREON PEACE
United States Attorney